86 U.S. 271
 22 L.Ed. 47
 19 Wall. 271
 HALL
v.
JORDAN.
 October Term, 1873
 
 ERROR to the Supreme Court of Tennessee; the case being thus:
 Jordan, on the 1st of November, 1866, sold a tract of land to Hall & Conley, the consideration as expressed in the deed being $13,000; the deed not stating, however, whether this $13,000 was gold and silver coin, or notes of the United States; a kind of notes, always up to this time, from the time of their issue, less valuable than such coin; but which in February, 1862, and afterwards had been made by act of Congress a legal tender in the payment of debts, and which in point of fact at the time of the sale were the universal currency, to the exclusion of gold and silver as currency, of all parts of the United States except parts on the Pacific Coast.
 In point of fact the consideration of this deed was one of gold coin, or based on the value of coin; that is to say, $6500 were paid in gold coin when the deed was made, and an agreement given to pay 'on the 25th of December, 1867, an amount of legal currency of the United States sufficient to purchase $6890 of the present gold coin of the United States;' this $6890 being the balance ($6500) of the $13,000 consideration-money, with interest added to the day of payment.
 An act of Congress in force at the date of the deed.* enacted that on deeds of land there should be a stamp of '$1 for each $1000 of consideration-money,' and fifty cents for every fraction of the sum last named; and that no deed not properly stamped should be received in evidence. The act makes a provision, however, for the correction of unintentional error by application to the collector, and purchase of the proper stamp. This deed was stamped with a stamp for $13, the stamp confessedly proper for one when the consideration was $13,000 in notes of the United States.
 On a question in the court below whether the deed was properly stamped, or whether the stamp ought not to be such as the amount of notes which the $13,000 of gold coin, the actual consideration of the deed, would have bought—if the amount represented by them had been set forth in the deed—required, that court held the stamp sufficient, and on the 29th of June, 1871, the present writ of error was taken to its judgment. The case came on to be heard here December 16th, 1873.
 
 Messrs. R. Johnson and J. H. Imbree, for the plaintiff in error:
 
 It is a matter of universal knowledge that there has always been a difference between the value of what are called 'legal tender notes' and of coin. At times, as in the summer of 1864, one day in which it required $285 of notes to buy $100 of gold,** this difference has been immense; and it has been frequently great. Now, the question is, may parties at a time when gold and silver have in fact no currency—when the notes of the government are the sole currency of the country, or certainly of all that part of it where the parties to this transaction lived—may parties put in their deeds the value, in gold, of the property sold, and then pay stamps on that value? the real thing which passes between them being, all the while, not gold, but paper; not $13,000 in coin, but a greater amount in notes; more or less greater according as the discount on paper in the market may be higher or lower. We submit that they cannot, because a contrary rule will tend directly to frauds upon the revenue. In cases of large deeds or of large mortgages the temptation will be prevailing.
 
 Mr. F. P. Stanton, contra:
 
 No man could tell on the 1st of November, 1866, how much currency would be required to purchase gold on the 25th of December, 1867, or even that legal tenders would not be equivalent to gold at that time.
 But there has never been any law requiring the stamps on deeds or other instruments to be regulated by the currency values, when the transactions were for gold coin. The stamp affixed to the deed was then exactly what the law required. Supposing the plaintiffs in error honestly doubted this, they had it in their power to correct the supposed error by applying to the collector; and as it is evident no fraud was intended, the correction would have cost them fifty cents. It is apparent then, that the writ of error in this case, which has delayed the proceedings in the court below for two years and a half, was sued out 'merely for delay,' and comes strictly within the letter and spirit of the Twenty-third Rule of this court, which declares that 'in all cases where a writ of error . . . shall appear to have been sued out merely for delay, damages shall be awarded at the rate of ten per cent. per annum on the amount of the judgment.'
 In addition, by the practice in Tennessee, a vendee must furnish deeds and stamps. In this proceeding, therefore, the plaintiffs in error are endeavoring to take advantage of their own wrong, as it was their duty to affix the proper stamp to the deed. For this reason, as well as for those already stated, the defendant in error asks for damages at the rate of ten per cent., in addition to interest, in accordance with the rule aforesaid.
 Mr. Justice CLIFFORD announced the judgment of this court, affirming the judgment of the court below with costs, interest,
 
 
 1
 AND TEN PER CENT. DAMAGES.
 
 
 
 *
 Act of June 30th, 1864, 15 Stat. at Large, 295.
 
 
 **
 See Legal Tender Cases, 12 Wallace, 512, note.